**NOT FOR PUBLICATION**                    **CASE CLOSED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK MADDALONI,  : | Civil Action No. 07-05397 (SDW) |
| : | |
| Plaintiff,  : | |
| : | |
| v.  : | |
| : | **OPINION** |
| HON. MICHAEL J. ASTRUE,  : | |
| COMMISSIONER OF SOCIAL  : | |
| SECURITY  : | |
| : | |
| : | July 15, 2008 |
| Defendant.  : | |

**WIGENTON,** District Judge.

Before the Court is Plaintiff Mark Maddaloni's ("Claimant" or "Plaintiff") appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Social Security Administration Commissioner ("Commissioner" or "Defendant"), with respect to Administrative Law Judge Donna Krappa's ("ALJ") denial of Plaintiff's claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383(c).

Plaintiff claims that the ALJ's decision was not supported by substantial evidence, and therefore, requires reversal, or alternatively, remand to the Commissioner for further proceedings. Additionally, Plaintiff claims that the ALJ erred by using the Medical-Vocational Guidelines and not consulting a vocational expert. In opposition, Defendant argues that the ALJ's findings are

supported by substantial evidence and should be upheld. The Court, having considered the parties' submissions and for the reasons set forth below, finds that the record supports the ALJ's findings and that there is no basis to remand for further review. The ALJ's decision will be **AFFIRMED**.

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §§ 205(g), 405(g), 1383(c)(3), and 1631(c)(3) of the SSA as there has been a final Commissioner decision, and the matter involves SSD and SSI claims. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II.    FACTUAL BACKGROUND

Claimant, an electrician, filed an application for SSD and SSI benefits on July 16, 2004 alleging disability as of December 19, 2003. (Tr. 15). The claimant alleges that he is unable to work because of a number of impairments, including degenerative osteoarthritis of the right foot and ankle, knee and lower back pain, atrophy of the right shoulder and arm, anxiety and other mental impairments. (Tr. 17). Claimant has been examined by numerous private and state appointed physicians. (Tr. 17-25).

Plaintiff's claim was initially denied on April 15, 2005 and again on reconsideration on July 5, 2005. (Tr. 15). Plaintiff subsequently filed a timely hearing request on July 8, 2005. (Tr. 15). A hearing was held before the ALJ on September 11, 2006. (Tr. 15). Upon consideration of the vast medical evidence presented by all parties, the ALJ found that there was substantial evidence to support a finding that the claimant was not disabled. (Tr. 27).

On September 7, 2007, the Appeals Council denied Plaintiff's review request, thereby making the Commissioner's decision final and subject to review under SSA §§ 205(g) and 405(g). (Pl.'s Br. 1).

Plaintiff filed a Local Rule 9.1(a)(2) brief asking this Court: (1) to reverse and remand this matter for the calculation and awarding of benefits, or alternatively, (2) to remand this matter to the Commissioner for further proceedings. (Pl.'s Br. at 1).  Plaintiff claims that the ALJ's Decision was erroneous due to his failure to consult a vocational expert, and not supported by substantial evidence as the ALJ improperly applied Medical Vocational Guidelines ("Guidelines") Rule 201.14.  (Pl.'s Br. at 13).

## III.    LEGAL STANDARD

### A.    *Standard of Review*

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981).  The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In determining whether substantial evidence exists to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citations omitted). Where evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's decision. *Mansour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1990 (3d Cir. 1986). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.      Standard For Determining Disability Benefit(s) Eligibility**

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national

economy . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007). First, if the claimant is currently engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(I). Second, if the claimant does not suffer from a "severe" impairment, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the claimant suffers from an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically disability benefits eligible. 20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d). If the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520 (e). In step four, if the Commissioner finds that the claimant retains the residual functioning capacity ("RFC") to perform his past relevant work, he is ineligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth and finally, if the claimant, given his medical impairments, age, education, past work experience and RFC, can perform other work that exists in significant numbers in the national economy, he is not disabled or entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, then the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform . . ." *Kangas*, 823 F.2d at 777.

## IV.   DISCUSSION

With respect to the first test prong of the evaluation process, the ALJ found, and the parties do not dispute, that Plaintiff has not engaged in substantial gainful activity since December 19, 2003. (Tr. 17). Nevertheless, the parties dispute the second test prong. (Pl.'s Br. at 13). The ALJ found, and the parties do not dispute, that Plaintiff suffers from severe physical impairments involving

degenerative osteoarthritis of the right foot and ankle, knee and lower back pain and atrophy of the right shoulder and arm. (Tr. 17). However, Plaintiff additionally contends that he suffers from a severe mental impairment while the ALJ and Commissioner found that there was insufficient evidence to substantiate this claim. (Pl.'s Br. at 13). As a threshold issue then, this Court must determine whether the ALJ properly found at step two that Plaintiff does not suffer from a severe mental impairment.

**A.    The ALJ Properly Found Plaintiff Does Not Have A Severe Mental Impairment (Step Two)**

A "severe impairment" is an impairment that significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 404.1521. In determining whether an individual has a severe impairment, the ALJ and Commissioner rate the degree of functional limitation in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; (4) and episodes of decompensation. 20 C.F.R. § 404.1520(a)(c)(3). If the degrees of limitation in the first three areas are rated as "none" or "mild" and in the fourth area as "none," the impairment is generally not severe. 20 C.F.R. 404.1520(a)(d)(1). The ALJ determined that Plaintiff does not suffer from a severe mental impairment. (Tr. 18). The ALJ found that Plaintiff had a mild restriction in activities of daily living, no restrictions in social functioning, mild restrictions in concentration, persistence, and pace, and no episodes of decomposition. (Tr. 17-18). The ALJ's findings were supported by State agency psychological consultant, Dr. Amy Brahms's, findings. (Tr. 184).

Further supporting the ALJ's finding that Plaintiff does not suffer from a severe mental impairment were the tests performed by Dr. Jack Baharlias, a consultative examiner. (Tr. 25). During Dr. Baharlias' mental examination of Plaintiff, he "answered all questions correctly on

information and orientation subtests of the Wechsler Memory Scale." (Tr. 25).  Additionally, on the mental control subtest, Dr. Baharlias reported that Plaintiff performed appropriately.  (Tr. 25).  Plaintiff was able to spell "world" backwards, remember six numbers forward, and four numbers backwards.  (Tr. 25).  Plaintiff was also well oriented in all three spheres and thought logically during the examination.  (Tr. 25).  Dr. Baharlias reported that Plaintiff's thought content was "negative for paranoia, suicidal, or homicidal ideation." (Tr. 25).  Furthermore, Plaintiff stated that he mainly suffered from foot and back pain, and admitted that he had no auditory or visual hallucinations.  (Tr. 25).  Dr. Baharlias opined that it was obvious that Plaintiff was not psychotic and noted that Plaintiff did not elicit delusional material, obsessive thoughts or compulsive behaviors. (Tr. 25).  Therefore, the ALJ's decision that Plaintiff does not suffer from a severe mental impairment is well supported by substantial evidence in the record and will be upheld.

With respect to the third and fourth test prongs of the evaluation process, the ALJ found and the parties do not dispute, that: (1) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) Plaintiff retains a RFC to do sedentary work and (3) Plaintiff is unable to perform his past relevant work.  (Pl.'s Br. 13).  Consequently, this Court must ascertain whether the ALJ properly determined at step five that Plaintiff was not disabled, and though unable to return to his prior work, does have a RFC to perform other work.  20 C.F.R. § 404.1520(a)(4)(v).

**B.**     ***The ALJ Properly Found Plaintiff Could Do Other Work (Step Five)***

The ALJ determined that based on Plaintiff's RFC he is unable to perform his past relevant work as an electrician because that profession requires an RFC above sedentary work.  (Tr. 26).  Failure to do past relevant work, however, does not automatically render a claimant disabled.

Rather, the Commissioner uses the RFC assessment along with the claimant's age, education, and work experience to decide if the claimant can adjust to any other work which exists in the national economy. 20 C.F.R. § 416.969a (a). In making this determination, the Commissioner examines the claimant's factors in conjunction with the Guidelines. 20 C.F.R. pt. 404, Subpt. P, App. 2. The Guidelines direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's vocational profile and whether a claimant has exertional and/or non-extertional limitations. Exertional limitations are those limitations that affect the ability to meet the strength demands of a job, such as sitting, standing, walking, lifting, carrying, pushing, and pulling. See 20 C.F.R. § 416.969a (a),(b). However, non-exertional limitations are limitations that affect the ability to do things other than the strength demands of a job, such as limitations in concentrating, seeing, hearing, reaching, handling, stooping, etc. See 20 C.F.R. § 416.969a (c).

Plaintiff argues that the holding of *Sykes v. Apfel* prohibits an ALJ or Commissioner from determining that an individual with a severe non-exertional mental impairment has the ability to work absent vocational expert testimony. *Sykes v. Apfel*, 228 F.3d 259, 261 (3d. Cir. 2000), (Pl.'s Br. at 13). However, the *Sykes* Court, makes it clear that vocational expert testimony must only be used "when a claimant has severe exertional and nonexertional impairments." *Sykes*, 228 F.3d at 267. Since the ALJ properly determined that Plaintiff does not have a severe non-exertional mental impairment, Plaintiff's contention is misplaced and the *Sykes* holding does not apply here.

In the matter at bar, the ALJ considered all Plaintiff's professed limitations and his resultant sedentary RFC, and determined that: (1) Plaintiff was forty-four at the time he filed his Application, which marks him as a "younger individual" for Guidelines purposes; (2) he has at least a high school education and; (3) his relevant work transferrable skills are not material to his overall disability

8

determination as the Medical-Vocational Guidelines support a not disabled finding, regardless of whether he has transferable job skills. (Tr. 26-27). Consequently, he is not disabled as defined under the SSA and specifically 20 CFR §§ 404.1520(g) and 416.920(g).

The Court notes that Plaintiff's subjective complaints were also inconsistent with the medical evidence and testimony record. Nonetheless, they were properly considered by the ALJ but *prima facie* insufficient to render a counter disability determination. Pursuant to Guidelines § 202.13 and in congruence with the above determinations, the ALJ properly concluded that Plaintiff could perform sedentary work despite his physical limitations. (Tr. 27). Ultimately, the ALJ correctly applied the Guidelines to find that Plaintiff was not disabled, and that he could perform work existing in substantial numbers in the national economy. (Tr. 27). The ALJ's Decision and the Commission's determination are therefore adequately supported by substantial evidence in the record and will be upheld by this Court.

## V.    CONCLUSION

As substantial evidence exists in the record to support the ALJ and Commissioner's findings and determinations, they are conclusive. The ALJ's Decision is thus **AFFIRMED**.

**SO  ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.